UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>               Plaintiff,<br><br>    v.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA), a Maryland Corporation; JOHN FERGUSON, CEO, CCA; PHILLIP VALDEZ, WARDEN (ICC); IDAHO CORRECTIONAL CENTER; DAN PRADO; NANCY BAERLOCHER, R.N.; WAYNE PETERSON D.M.D.; KLINT STANDER, M.D.; JOSEPH CORDONA; RORY O'CONNER; NORMA RODRIGUEZ; CHRIS ROSE; A. HUNTLEY; DANIEL HUDON; JOEL TAYLOR; JAMES QUINN; JEFF KIRKMAN; MARTI MOORE; BRIAN JOHNSON; PATRICIA D. WILLIS; BRANDON DELANEY; DAROLD BREUER; CHESTER PENN; C/O LIVI; JENNIFER GARDNER; JOANN ADAMS; MALCOLM BEACH; C/O ANDERSON; VALDEZ; SERGEANT SHARP;<br><br>               Defendants. | Case No. 1:10-cv-00011-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court are the following motions: (1) Defendant Bruce Cooper's

Motion for Summary Judgment (Dkt. 120); (2) Plaintiff Michael T. Hayes' Motion for

**MEMORANDUM DECISION AND ORDER - 1**

Leave of Court to File Motion for Summary Judgment (Dkt. 123); (3) Plaintiff's Motion for Summary Judgment (Dkt. 124); and (4) Plaintiff's Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment (Dkt. 125.) The Court finds that the decisional process would not be aided by oral argument. After reviewing the record, case law, and the arguments of the parties, the Court enters the following Order addressing all pending motions.

## BACKGROUND

Plaintiff is an inmate in the custody of Idaho Department of Correction (IDOC) and is currently housed at the Idaho Maximum Security Institution (IMSI). (Dkt. 120-4, p.2.) He initiated this civil rights lawsuit by filing the original Complaint on January 11, 2010 (Dkt. 1), which he subsequently amended twice. (Dkts. 34, 61.) In Part C of the Second Amended Complaint (Dkt. 64), Plaintiff alleges that on November 4, 2011, Defendant Cooper was deliberately indifferent to Plaintiff's serious medical needs when he refused to give Plaintiff any pain medication for the severe tooth pain he was experiencing at that time. (*Id*. pp.1-6.) This is the only incident upon which Plaintiff asserts his claim of deliberate indifference against Defendant Cooper.

On December 30, 2011, the Court permitted Plaintiff to proceed on this "potential Eighth Amendment claim," though the Court noted "it is unclear whether Cooper's failure to give Plaintiff an alternative medication arose because Cooper and a correctional officer perceived Plaintiff as threatening." (Dkt. 65, p.6.) The Court later set the pretrial deadlines in this case, including the deadline of March 11, 2013 for filing dispositive

**MEMORANDUM DECISION AND ORDER - 2**

motions. (Dkts. 78, 116.)

On March 8, 2013, Defendant Cooper timely filed the instant Motion for Summary Judgment. (Dkt. 120.) Then on April 12, 2013, Plaintiff filed: (1) a Motion for Leave of Court to File Motion for Summary Judgment; (2) a Motion for Summary Judgment; and (3) a Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment. (Dkts. 123,124, 125.) Defendant Cooper filed a Memorandum in Opposition to Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment (Dkt. 127); Plaintiff did not file a reply.

## REVIEW OF PENDING MOTIONS

The Court will first address Plaintiff's multiple motions, and then address Defendant's Motion for Summary Judgment.

**1.** **Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment (Dkt. 123)**

On April 12, 2013, Plaintiff filed a Motion for Leave of Court to File Motion for Summary Judgment so that the Court could consider his Motion for Summary Judgment (which he filed on the same day). (Dkt. 123.) Although Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment does not specifically request a modification to the pretrial scheduling order, that would be the result were the Court to grant this Motion, so the Court will treat it as such.

Federal Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause

**MEMORANDUM DECISION AND ORDER - 3**

standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the pretrial schedule if the deadline cannot reasonably be met despite the diligence of the party seeking the extension. *Id.*

Here, Plaintiff's sole argument in support of the good cause requirement for his Motion for Leave to File Motion for Summary Judgment is that "Plaintiff's access to the courts has been so hindered, impeded, and delayed as a denial of this request would result in a misscarrage [sic] of justice." (Dkt. 123, p.2.) Plaintiff has not provided the Court with any specific facts or evidence to support this allegation, nor has he demonstrated his diligence in otherwise trying to comply with the dispositive motion deadline. Defendant Cooper argues that Plaintiff's request is both untimely and devoid of a showing of good cause. (Dkt. 127.) The Court agrees.

Plaintiff has known since July 5, 2012 of the March 11, 2013 deadline for filing dispositive motions. (Dkt. 78, p.7.) In the two months preceding the dispositive motion deadline, instead of preparing his dispositive motion, Plaintiff filed an extension of time to complete discovery, three motions for bench warrants, a motion requesting an extension of time to file a third amended complaint, and a motion to stay the entire case. (*See* Dkts. 108, 109, 110, 111, 114, 117.) In each of these motions, Plaintiff either argued that the prison paralegal was impeding and hindering Plaintiff's access to the courts, or that Plaintiff needed additional time to comply with Court-ordered deadlines because he was so busy litigating multiple cases before this Court. Although the Court initially

**MEMORANDUM DECISION AND ORDER - 4**

granted Plaintiff additional time to complete discovery and to file his third amended complaint (*see* Dkt. 113), the Court denied the frivolous Motions for Bench Warrants and subsequently entered two more Orders denying any further extensions of time or to stay the case altogether because "Plaintiff is hard-pressed to show that he has acted with diligence in this matter" (Dkt. 116, p.5) and his argument regarding the paralegal's interference with his access to the courts "is a bald statement with no factual support whatsoever." (Dkt. 119, p.3.) Moreover, Plaintiff did not file the instant Motion for Leave of Court to File Motion for Summary Judgment until one month <u>after</u> the dispositive motion deadline.

   Based on the substantial evidence in the record herein – and Plaintiff's failure to provide any evidence whatsoever to support his oft-repeated but wholly unsupported claim that he is being denied access to the courts – the Court concludes that Plaintiff has failed to establish good cause for the Court to modify the existing pretrial scheduling order. Accordingly, Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment will be denied. *See*, *e.g., Ransom v. Johnson*, 2010 WL 2219398 at *2 (E.D. Cal. 2010) (prisoner's untimely motion to modify scheduling order denied because of his failure to show good cause for failing to meet the dispositive motion deadline).

**MEMORANDUM DECISION AND ORDER - 5**

**2.      Plaintiff Michael T. Hayes' Motion for Summary Judgment (Dkt. 124)**

On April 12, 2013, Plaintiff also filed his Motion for Summary Judgment (Dkt. 124), and five days later he filed his Statement of Undisputed Facts in Support of Plaintiff Michael T. Hayes Motion for Summary Judgment. (Dkt. 126.) Defendants have presented evidence from the Court's record that the deadline established for filing a pretrial dispositive motion was March 11, 2013. (Dkt. 78.) The Court has examined the record and finds that Plaintiff's Motion for Summary Judgment, filed on April 12, 2013, is untimely according to the pretrial schedule set forth in the Order entered July 5, 2012. In addition, as discussed *supra*, Plaintiff has failed to establish good cause for this Court to modify the dispositive motion deadline. Plaintiff's Motion for Summary Judgment will therefore be denied as untimely. Alternatively, the Motion will be denied on the merits, as the inverse conclusion of the granting of Defendant Bruce Cooper's Motion for Summary Judgment. The Court has considered Plaintiff's Statement of Undisputed Facts as a supplement to Plaintiff's opposition to the granting of Defendant Cooper's Motion. (Dkt. 126.)

**3.      Plaintiff's Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment (Dkt. 125)**

The third and final motion Plaintiff filed on April 12, 2013 is his Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment. (Dkt. 125.) The Court has reviewed the Motion and determined that it is not a separate motion seeking specific relief from the Court, but rather it is Plaintiff's response brief to Defendant

**MEMORANDUM DECISION AND ORDER - 6**

Cooper's Motion for Summary Judgment. *See* Dist Idaho Loc. Civ. R. 7.1(c) (responding party shall serve and file a response brief within twenty-one days after moving party files its initial motion). Accordingly, although the Motion was filed 12 days past the deadline for filing a responsive pleading, the Court will nonetheless grant Plaintiff's Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment to the extent the Court considers it Plaintiff's response brief to Defendant's Motion for Summary Judgment.

## 4.     Defendant Bruce Cooper's Motion for Summary Judgment (Dkt. 120)

On March 8, 2013, Defendant Cooper timely filed his Motion for Summary Judgment and argues that he is entitled to summary judgment as a matter of law because there are no genuine issues of material fact or evidence demonstrating that he was deliberately indifferent to Plaintiff's medical needs. (Dkt. 120-1, p.2.) Plaintiff opposes this Motion and contends that Defendant Cooper acted with deliberate indifference "by refusing to give victim Hayes adequate noninsaid pain medication." (Dkt. 125, p.2.)

### A.     *Standard of Law*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**MEMORANDUM DECISION AND ORDER - 7**

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record which demonstrate that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv., Inc.*, 809 F.2d at 630 (internal citation omitted). Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 377 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a

**MEMORANDUM DECISION AND ORDER - 8**

person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To prevail on an Eighth Amendment claim regarding prison medical care, plaintiff must show that the prison official's "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
>
>> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*,

**MEMORANDUM DECISION AND ORDER - 9**

891 F.2d 240, 242 (9th Cir. 1989).[1]

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Nor does the Eighth Amendment provide a right to a specific treatment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.").

B.  *Undisputed Facts*

Inmates incarcerated at IMSI are provided medical care and treatment by contract physicians and other medical providers who determine the appropriate care and treatment based upon their education, training and experience, and after considering such factors as the patient's presentation, clinical findings, and medical history. (Cooper Aff., Dkt. 120-3, p.2.) Defendant Cooper is and has been employed by Corizon, Inc. and/or Prison Health Services as a correctional medical specialist at IMSI and Idaho State Correctional Institution since 1997. (*Id.*) As a correctional medical specialist, Defendant Cooper assists the contract physicians and physician assistants by performing such duties as drawing

---

[1] In contrast, deliberate indifference may be shown if prison medical staff "ignored outside expert advice, relying solely on their own medical judgment for three years before eventually approving surgery," or, whether, after attempting a "medication-only course of treatment [that] may have been medically acceptable for a certain period of time," prison medical staff acted in a "medically unacceptable" and "subjectively reckless" manner when they ignored "a 'long term' recommendation [for surgery] for three years," and ignored "'emergency' and 'urgent' requests for more than two years." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (denial of double hip replacement surgery to death–row inmate whose hips had degenerated so badly he could not walk and was in constant, severe pain was a jury question).

**MEMORANDUM DECISION AND ORDER - 10**

blood, distributing medication, and responding to emergencies. (*Id.*) Because pain medication can be prescribed only by a treating physician or licensed mid-level provider (such as a nurse practitioner), Defendant Cooper is not authorized to prescribe pain medication to inmates. Instead, he can offer Ibuprofen or Tylenol to inmates who appear to be in non-life threatening pain until they can be seen by a prison physician. (*Id.*)

Plaintiff's prison medical records indicate that he has a history of receiving ongoing treatment by prison medical and dental staff for a variety of dental problems. In response to Plaintiff's requests for dental treatment via Health Services Request (HSR) Co-Pay Forms, Plaintiff's treatment in prison has included cleanings, exams, and multiple tooth extractions for broken or decayed teeth. (Dkts. 120-5, pp.14-7, 22-24; 120-6, pp. 1-18, 27; 120-7.)

On November 3, 2011, Plaintiff submitted an HSR form and stated "I need to see the dentest I am in very serious and serve [sic] pain." (Dkt. 120-5, p.8.) On the morning of November 4, 2011, Defendant Cooper met with Plaintiff regarding his tooth pain. (Dkt. 120-3, p.3.) Defendant Cooper attempted to inform Plaintiff that he could offer him two choices for his tooth pain – either Ibuprofen or Tylenol. (*Id.*) Defendant Cooper initially offered Plaintiff Ibuprofen, but Plaintiff refused and argued with Defendant Cooper about the type of pain medication he should be given. (*Id.*)[2] Just before or while Defendant

---

[2] Defendant Cooper states that after he offered Plaintiff Ibuprofen for his pain, Plaintiff "started yelling at Defendant Cooper and demanding narcotic pain medication." (Dkt. 120-3, p.3.) Plaintiff claims that Defendant Cooper and his attorney have "fabricated a story" about the request for narcotics and that Plaintiff never asked Defendant Cooper for narcotic pain medication. (Dkt. 125, pp.2-3.) This dispute about whether Plaintiff demanded narcotic pain medication, however, is not a material fact and therefore

**MEMORANDUM DECISION AND ORDER - 11**

Cooper attempted to offer Tylenol as a second option, the correctional officer on duty perceived that Plaintiff was going to initiate a physical confrontation with Defendant Cooper, and the correctional officer acted immediately to restrain Plaintiff. Taken in a light most favorable to Plaintiff, and in his own words, the following occurred:

> At this time I stood up and took 1-step forward so I could tell the CMS Cooper to check my medical records as I had been taken off all insaid medications because of my failing kidney functions by April Wadson M.D. the prison doctor. At this time before I could state my case to CMS Cooper an IDOC prison guard lunged forward from over by the door and violently grabed my leaft arm and flung me towards the door (sic).

(Plaintiff's Statement of Undisputed Facts, Dkt. 126, p. 6.)

After this incident, the correctional officer took Plaintiff away. (*Id.*) The correctional officer guard filed a Disciplinary Offense Report (DOR) regarding Plaintiff's disruptive behavior toward Defendant Cooper. (Dkt. 120-10, pp.12-13.) Six days later, a Disciplinary Hearing Officer (DHO) conducted a hearing about the DOR, and Plaintiff was permitted to make a statement. At the conclusion of the hearing, the DHO confirmed Plaintiff's offense of "disobedience to orders level 2" and he was sanctioned with several days of detention, commissary restrictions and telephone restrictions. (Dkt. 120-10, pp.5-6.)

While Plaintiff disputes his intention in standing up and taking a step toward Defendant Cooper, that dispute is not material. Rather, a third party – the correctional officer whose duty it was to protect CMS Cooper from inmate violence – perceived a

---

will not be considered in the Court's analysis as to whether Defendant is entitled to judgment as a matter of law.

**MEMORANDUM DECISION AND ORDER - 12**

threat and acted. Though he might have been mistaken as to Plaintiff's intention, he did not know Plaintiff's intent, and, in the face of a perceived immediate threat, could not wait to find out. Another third party – the disciplinary hearing officer – also agreed with the correctional officer. Thus, it is undisputed that it was Plaintiff's act in standing and taking a step forward, and the correctional officer's attempt to protect CMS Cooper, that caused the medical appointment to end prematurely and abruptly.

    **C.**    *Analysis*

Applying the standard of law to the undisputed facts in this case, the Court must now determine whether Plaintiff has shown that Defendant Cooper was deliberately indifferent to Plaintiff's serious medical needs. Defendant Cooper contends that no genuine issue exists as to any material fact regarding the medical care he offered or attempted to provide to Plaintiff on November 4, 2011. Defendant Cooper has provided the Court with his Affidavit, Plaintiff's relevant medical and dental records, and the DOR paperwork in support of the undisputed facts herein. (*See* Dkts. 120-3, 120-5 through 120-8, 120-10.)

Plaintiff contends, however, that Defendant Cooper *was* deliberately indifferent to Plaintiff's serious medical needs by "refus[ing] to give [Plaintiff] adequate noninsaid pain medication on 11/4/2011, when Cooper knew in advance of the 11/4/2011 medical callout that [Plaintiff] was in serious pain." (Dkt. 125, p.3.) In his Statement of Undisputed Facts, Plaintiff states that, before the correctional officer grabbed Plaintiff and took him away, Defendant Cooper looked through Plaintiff's medical file and saw that Plaintiff had,

**MEMORANDUM DECISION AND ORDER - 13**

indeed, submitted several other HSR medical request forms. (Dkt. 126.) Plaintiff was in the process of telling CMS Cooper that a doctor had taken him off insaid medications because they were causing his kidneys to fail, when Plaintiff stood up, causing the incident which, in turn, caused the medical appointment to end. (Dkt. 126, pp. 3-9.) While CMS Cooper's review of Plaintiff's file may have provided notice to CMS Cooper that Plaintiff had been complaining of pain for several days or weeks, Plaintiff's physical actions caused the end of the appointment, depriving CMS Cooper of an opportunity to evaluate this information. Indeed, Defendant Cooper states in his Affidavit that "had [Plaintiff] acted in an appropriate manner and not been taken away by security, I would have had the opportunity to fully discuss the options available to [Plaintiff] for over-the-counter medications and/or further evaluation by a physician or dentist." (Dkt. 120-3, p.4.) Therefore, it is clear that Plaintiff caused the lack of any further medical diagnosis, not the deliberate indifference of CMS Cooper.

An essential element of a § 1983 case is that the plaintiff show that the defendants' actions *caused* the deprivation of a constitutional right. 42 U.S.C. § 1983; *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Because Plaintiff has brought forward insufficient facts upon which a jury could find that the failure to provide pain medication was the result of Defendant Cooper's deliberate indifference rather than Plaintiff's actions, Defendant Cooper's Motion for Summary Judgment will be granted.

**MEMORANDUM DECISION AND ORDER - 14**

## CONCLUSION

From the time Defendant Cooper answered the Second Amended Complaint, Plaintiff has been dilatory in litigating his Eighth Amendment claim against Defendant Cooper, including the untimely filings of his own dispositive motion and responsive pleading to Defendant Cooper's Motion for Summary Judgment. The Court reminds Plaintiff of its ongoing busy docket and his obligation in this case (and any other pending cases) to timely and efficiently comply with the scheduling deadlines set forth by the Court. As discussed above, Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment will be denied for failing to establish good cause to modify the existing pretrial scheduling order, and Plaintiff's related Motion for Summary Judgment will also be denied as untimely and, alternatively, for lack of merit. Plaintiff's Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment, although filed 12 days late, will be granted to the extent the Court considers it Plaintiff's responsive pleading to Defendant's Motion for Summary Judgment. Finally, Defendant Bruce Cooper's Motion for Summary Judgment will be granted and all claims against Defendant Cooper will be dismissed with prejudice. No further claims remain; therefore, a judgment closing this entire case will be entered.

**MEMORANDUM DECISION AND ORDER - 15**

## ORDER

**IT IS ORDERED:**

1. Defendant Bruce Cooper's Motion for Summary Judgment (Dkt. 120) is **GRANTED**. All claims against Defendant Cooper are hereby dismissed with prejudice.

2. Plaintiff's Motion for Leave of Court to File Motion for Summary Judgment (Dkt. 123) is **DENIED**.

3. Plaintiff Michael T. Hayes' Motion for Summary Judgment (Dkt. 124) is **DENIED** as untimely, and, alternatively, as meritless.

4. Plaintiff's Motion in Opposition of Defendant Bruce Cooper's Motion for Summary Judgment (Dkt. 125) is **GRANTED**.

DATED: **August 27, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 16**